UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRELL JONES,

                Plaintiff,

   v.

ARLEE ROTHWELL,

                Defendant.

CASE NO. C15-5101 RBL-KLS

ORDER DENYING MOTION FOR SPOLIATION OF EVIDENCE

      Plaintiff Terrell Jones asks this Court for an order "to replace spoiled evidence that was taken from me and shredded by Defendant." Dkt. 7.  In this case, Mr. Jones seeks compensatory damages against Arlee Rothwell for the alleged loss of his personal legal documents without due process of law.  He also claims that Mr. Rothwell's conduct violated his right to access the courts.  Dkt. 6.  On April 27, 2015, the Court directed service of the complaint.  Dkt. 8.  Mr. Rothwell has not yet been served nor has his time to respond to the complaint expired.  Thus, Mr. Jones' motion is premature.

      In addition, this Court cannot grant the relief sought by Mr. Jones in his motion.  Mr. Jones contends that Mr. Rothwell shredded his 42 U.S.C. § 1983 complaint (with accompanying kites and grievances) against officers at the Washington State Penitentiary (WSP) for the use of

ORDER DENYING MOTION FOR
SPOLIATION OF EVIDENCE - 1

1   excessive force.  The complaint was confiscated as contraband because it was found in another
2   inmate's cell.  According to Mr. Jones, Mr. Rothwell destroyed the complaint because the
3   documents were unidentifiable.  However, Mr. Jones contends that Mr. Rothwell was lying.  Dkt.
4   7.

5   It is unclear how Mr. Jones expects shredded documents to be returned to him.  In
6   addition, a complaint is not evidence[1].  Spoliation is the "destruction or significant alteration of
7   evidence, or the failure to preserve property for another's use as evidence, in pending or future
8   litigation."  *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir.2009) (citation
9   omitted).  While a district court may levy sanctions for the spoliation of evidence, sanctions are
10  appropriate only if the party had notice that the evidence is potentially relevant to a claim.  See
11  *U.S. v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir.2009); *Leon v. IDX Syss. Corp.*,
12  464 F.3d 951, 958 (9th Cir.2006).  The duty to preserve evidence is triggered when a party
13  knows or reasonably should know that the evidence may be relevant to pending or future
14  litigation.

15  Accordingly, Plaintiff's motion for spoliation is **DENIED.**  The Clerk shall send a copy
16  of this Order to Plaintiff.

17  Dated this 18th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[1] The Court notes that Mr. Jones filed a complaint for the excessive use of force against WSP employees on July 11, 2014.  The case was transferred to the Eastern District of Washington on August 7, 2014.  See *Jones v. Washington State Penitentiary,* Case No. C14-5557 RBL-JRC.

ORDER DENYING MOTION FOR
SPOLIATION OF EVIDENCE - 2